19-2392-CV Good afternoon, your honors. My name is Stephen Gaba. I represent the Defendant's Appellants in this case. Qualified immunity applies to the plaintiff's due process claim because the town board members objectively reasonably believed that their actions in terminating Mr. Swain's employment did not violate his due process right. The district court found that under Loudermill, due process requires pre-termination notice and an opportunity to be heard for civil service employees. And that may be the rule for civil service employees in general, but the rule of the required due process for termination can be varied by a collective bargaining agreement. There are certain things that are given in a collective bargaining agreement and certain rights that are taken away or waived when the agreement is signed. And a collective bargaining agreement can vary the requirements, the due process requirements for pre-termination notice and a hearing. Now, here, the collective bargaining agreement, which governed the terms of Mr. Swain's employment, didn't have any express provision in it for pre-termination notice or pre-termination hearing. What it did include was an arbitration provision, which provided for post-disciplinary action remedies. The other thing it included was a clause that provided a five-step sequential step. Disciplinary level, five disciplinary levels to be applied sequentially. But that clause didn't provide any requirement at all for pre-termination or pre-disciplinary action, I should say, notice or an opportunity to be heard. So this presented a question of contract interpretation. And collective bargaining agreements are not an easy thing for the average layman, or town board member in this case, to interpret on their own. And the interpretation question presented by this particular collective bargaining agreement was whether the post-disciplinary action remedy that was provided under the arbitration clause satisfied due process. There was at least an open issue as to whether the collective bargaining agreement required, or on the other hand, waived, the right to a pre-termination notice and a hearing. Now, in regard to that open question, the town board turned to the town attorney, David Wise, who is an experienced labor attorney. He's over 30 years of experience and represented the town for quite a while. And Mr. Wise read over the collective bargaining agreement and provided an opinion to the town stating very strongly that no pre-termination notice or hearing was required under the CBA. In fact, he specifically recommended that Mr. Swain be terminated immediately on account of his purported theft of services, or theft of time in this case. It's the defendant's appellant's position that this court's opinion in Taravella versus Town of Walcott is directly on point with unfacts. You have a contract which, if not out and out ambiguous, is at least subject to interpretation, interpretation beyond the ken of the average layman. They turn to their attorney, the attorney who's knowledgeable and able in this area of law provides an opinion, which is at least reasonable. It's not like there's some provision in the CBA which says that you have to have a pre-termination notice or a hearing. And under those circumstances, there should be qualified immunity. Your town board members should be entitled to rely upon the unclear language in contract and the strong opinion of their attorney. In regards to the retaliation claim, qualified immunity applies because the plaintiff's retaliation claim is not supported by evidentiary proof that the town's non-retaliatory reason for terminating Mr. Swain's employment was pretextual. I think the record's clear that the plaintiff's retaliation case, the prima facie portion of it, was based solely on temporal proximity. It was a little bit more than two months between the filing of the workplace complaint and the town board's determination to terminate Mr. Swain's employment. The record's also clear that town submitted a proof of legitimate non-retaliatory reason for terminating Mr. Swain's employment. This was based on the photos and videos they received from Mr. Struss showing Mr. Swain performing yard work at his home with town equipment during his work hours, and also on Mr. Bova's photos showing that Mr. Swain ran a personal errand while using a town vehicle during town work hours. So the retaliation claim came down to pretext, proof of pretext, whether the town board's reason, legitimate non-retaliatory reason, was pretextual. And it's the defendant's appellant's position that the proof on this issue was either completely unsubstantiated or irrelevant. When you look at the court's decision, the district court's decision as to why there's an issue of fact as to pretext, it really comes down to about five reported facts. And the first one was that Mr. Swain had a good work record. And nobody's disputing that he had a good work record to the extent that he did good work, but he wasn't terminated for any defects in his work. He was terminated because he was leaving work, going home, doing yard work, and using town equipment to do it, and running personal errands in his town vehicle. That's a completely separate issue as to whether he's a good worker. The issue is whether he's a dishonest worker. And the proof of his good work record doesn't show that the town board's position that he was a dishonest worker was in any way pretextual. The big issue, I suppose, was the supposed objection of the highway superintendent, Vincent Patina. And in regard to that, the court pointed out and claimed that Mr. Patina objected to the dismissal of Swain. But when you look through the record carefully, I think you'll see that there's no substantiation at all for the proposition that Mr. Patina objected to the dismissal of Mr. Swain. In fact, the entire argument is based on an email that he sent in which he said that he was going to wait until after the criminal investigation of Mr. Swain was done. I think the quote is, since there is a potential criminal investigation pending, I will not be terminating Troy Swain as recommended by David Wise Esquire, but will act in accordance with the disciplinary procedure outlined in the collective bargaining agreement. All of his claims that he objected, I mean, whether phrased one way or another in his depositions or statements, all boil down to nothing more than this email. And this email doesn't say the town board shouldn't fire him. You have to remember there was a dispute as to whether the town board wanted him to fire him as highway superintendent. He said, no, the complaints came to you, so the town board should fire him. In this email, he doesn't say the town board shouldn't fire him. No, Mr. Swain isn't responsible for any wrongdoing or raise any objection like that. He just says he personally wants to wait until the criminal investigation is over. So again, I don't think that the proof of the- You have one more minute. Okay, very good. Thank you. The other two issues were one that the unemployment board found that the dating on the video submitted was unreliable. Well, that didn't happen until literally years after the town board had acted. And the unemployment board's finding doesn't in any way show that the photos or videos themselves were facially unreliable or even suspect. And the other was that Mr. Bettina supposedly had taken the position that Swain could take breaks whenever he wanted to. Well, again, the town board had no way of knowing that because Mr. Bettina never told them. And in fact, when the town's attorney, David Wise, had asked him about break policy in and everyone had to take their breaks during particular set times. The only other issue I would adjoin is addresses the question of jurisdiction. On an appeal, an intellectual appeal regarding qualified immunity, the appellant may raise questions to the existence of facts regarding the applicability of qualified immunity, the materiality of those facts, or can claim that the qualified immunity applies even on the plaintiff's version of the fact. And that's exactly what we're doing here. In regard to due process, we're claiming that there is no facts that are in dispute, that the interpretation of the collective bargaining agreement is a question of law. And in regard to the retaliation claim, we're claiming that they're either, the facts either are unsubstantiated, they don't exist, or that they're irrelevant. Thank you. Thank you very much. I'll turn to my panel colleagues. Judge Newman, do you have any questions? No, I don't. Thank you. Judge Hall. Judge Hall. I'm sorry. I'm sorry. My mute was on. Sorry. Yes, counsel. What aren't, didn't the district court determine, however, that there were facts in dispute? The district court purported to determine that there were facts in dispute. That's absolutely true. But that's not dispositive of an appeal, an intellectual appeal on qualified immunity. This court has to search the record, make a determination as to whether the district court's determination that issues of fact exist was correct or not. And if it finds that the district court erred because the purported fact, which supposedly created a tribal issue of fact, either doesn't exist, there's no proof in the record supporting that finding, or that the purported fact, which allegedly results in a tribal issue of fact, is in fact irrelevant to the issue of qualified immunity, then this court has jurisdiction to make a determination that qualified immunity applies. So just rehearse for us, please, briefly, the facts that the district court said were in dispute and tell us why they are not. Well, the district court found that in regards to the qualified immunity claim regarding due process, there's an issue of fact as to whether the town board members could objectively, reasonably believe that there was no due process violation if they did not provide pre-termination notice and a pre-termination hearing. And the reason the court found that there was an issue of fact on that was that it misinterpreted the provision in the contract, the bargaining agreement, that stated there's a five levels of disciplinary action as imposing a notice and hearing requirement. The court was just wrong about that. When you read the clause over, and I'll be happy to read it for the court if you'll indulge me for just a second here, it provides, no employee shall be disciplined or discharged without just cause. Just cause shall be subject to the grievance procedure as per Article Section 6, that's the arbitration provision. There shall be a five-step discipline process. One, warning. Two, written remand. Three, suspension without pay for up to three days. Four, suspension without pay for no less than four and no more than 10 days. Five, termination. Any action on the part of an employee which endangers the health, excuse me, the safety, health, or welfare of another employee or citizen of the town shall be caused to start at step four. That's the five disciplinary levels, levels of disciplinary action that can be taken. But as you can see, the text of it doesn't provide for any pre-terminate or pre-imposition of disciplinary action, notice, or opportunity to be heard. So for example, before a warning is issued, there isn't a notice provided to the applicant, hey, a warning's going to be issued and put into your file because we feel you've done this improper thing. And they don't have an opportunity to appear before the town board or the department head and contest it. But the same is true for step two, which is written reprimand. Step three, suspension without pay for a period. Step four, suspension without pay for a longer period. Or even step five, termination. The CBA is absolutely silent on that. But the district court, for whatever reason, misinterpreted it and said, oh, wait, there's a notice, an opportunity to be heard provision here in the collective bargaining agreement. And it went on to find that notwithstanding that first finding is an issue of fact because perhaps the town board members could have relied upon the opinion of council. But because the district court was wrong on that first point, that's why it was wrong in finding that initial fact exists in regard to the due process claim. In regard to the retaliation claim, I just went through the facts that the court supposedly based, well, not supposedly did base, it's on the determination issues of fact exist on. And the good work record and the supposed objection to highway superintendent, the unemployment board's finding that the dates on the videos and photos were unreliable, and the highway superintendent's statement that Mr. Swain could leave work whenever he wanted to for breaks. And as we detailed in our brief, and as I just briefly went over here, those facts either are relevant or simply not substantiated. And the district court was wrong in finding an issue of fact exist. Okay. Thank you. I think that's all I have. Okay. Council, maybe I can just go back to the question that really essential here, whether there was an issue of material fact that I find it very hard to understand the proposition that there weren't issues of material fact here, which would preclude granting qualified immunity. So it's a very large question, a very general question, whether the court wasn't right to deny summary judgment at this point. Well, it is qualified immunity, Your Honor. And as the court is, I'm sure well aware, qualified immunity is immunity from suit. It's not just the defense that can be raised. So it's really a threshold issue. The case breaks down to basically two points, due process, or at least at this point. I mean, there are other claims in the record, but I mean, in regards to the qualified immunity on the federal claims, it breaks down to two points, due process and retaliation. On due process, the issue is simply whether in the defendant's view, the CDA left open the issue of whether the union employees had bargained away their right for pre-termination notice and pre-termination hearing. Now, if there was no CBA as civil service employees, there's no question that they would have a right to pre-termination notice in the pre-termination hearing. But the other side of the coin is that if they were disciplined, the employing municipal board or government board would have a panoply, whatever disciplinary level they thought was appropriate available to them to impose on them, could be terminated right off the bat for a first offense as far as that goes. Whereas the collective bargaining agreement gives them a right to this five-level disciplinary proceeding. So a person reading this contract, it would not be clear to them unless they were a skilled labor lawyer that pre-termination notice and pre-termination hearing had not been bargained away because the case law is pretty clear in defendant's view anyway, that a collective bargaining agreement can vary the otherwise applicable due process requirements for termination of a civil service employee. Interpretation of that contract is a question of law. And again, in the defendant's view, the district court simply misinterpreted it. There's no provision in the five-step disciplinary section that I just read to the court stating that prior notice or prior opportunity heard is required. So it's not a question of whether the town board members were correct in their reading of it or even whether Mr. Wise was or not. It's a question of whether or not the contract can reasonably read and be read as omitting pre-termination notice and pre-termination opportunity to be heard. Rightly or wrongly, is it susceptible to that? And in our view, it really is. Thanks very much. And returning to the retaliation claims just briefly, Your Honor, again, the issue boils down to pretext. Hold on, hold on. I just asked a question which you've answered at great length and it's fine with me, but hold on one second. Do my colleagues on the bench have any further questions for Appellant's counsel? I gather not. So let's hear from opposing counsel. Thank you. Hello. May it please the court? Can you hear me? Yes. Thank you. Mr. Swain suffered vicious discrimination. Before Mr. Gappa. Is that right? I'm Mr. Rickner. Oh, I'm sorry. You're Mr. Rickner. I apologize. My name is Robert Rickner and I represent Troy Swain. That's fine. Okay. Mr. Swain suffered discrimination. He complained about it and he was fired and he was entitled to due process before doing so. Now, the very first step is to consider this court's jurisdiction. Notably, nothing in the moving brief considers this question or addresses the jurisdictional issue. And in fact, very little in the reply brief addresses it after Appellee brought it to the court's attention. And if you listen to two key statements that the attorney made, he said, look through the record carefully, and he said, search the record. And I think those act as admissions that in effect, this court lacks jurisdiction. The Supreme Court decided that allowing an interlocutory appeal where the appellant wanted this court or any circuit to go through the record in detail would be an unnecessary imposition. In this case, I believe we have approximately 2000 pages that were reviewed carefully by the district court and came to a determination. I mean, in effect, these cases can be decided on appeal by looking at the plaintiff's 56.1 statement, which are the facts that the plaintiff believes are asserts are accurate and true and the judge's order. And with that, you can determine issues of law. And through that lens, none of the arguments that we heard would survive. The entire appeal rests on the defendants asking this court to comb through the record and give them a do over. Now, I'd like to address the specifics of this advice of counsel and the CBA. In a way, defendants are trying to have it both ways. On one hand, they say that the CBA is difficult to understand and that a lay person requires the advice of counsel. On the other hand, they're saying that through this vagueness, in fact, Mr. Swain had no pre-termination due process rights. And that's simply not accurate. The baseline rule from the Supreme Court is that you have pre-termination notice and a hearing. And if you look at this circuit's cases, Todaro and Adams, they acknowledge that, yes, a collective bargaining agreement can alter that process, but it doesn't completely eliminate someone's pre-termination rights. In fact, this court has said over and over again, and it's emphasized in defendant appellant briefs, that a CBA cannot, in fact, dictate the due process rights. And in the end, when there's a CBA, you have pre-termination notice as a requirement, but the hearing is shifted to after the termination. And here, Mr. Swain just didn't get that. He was never notified. He found out he was fired after it had already happened. And in fact, this case is a perfect illustration of why pre-termination notice, which does provide a way to be heard, meaning you can hire a lawyer or you can go yourself and tell people why you shouldn't be fired and address the accusations. You don't need a formal hearing for that. And if they had, he would have been able to explain that he'd been given permission to essentially run certain errands while he was at work. He wasn't stealing. This wasn't theft of services. And explain that his neighbor, who frankly had a grudge against him, had altered the time stamps on the photographs since they weren't reliable.  Now, the second issue is that they claim that the CBA requires an attorney to interpret whether or not there's a notice provision. I don't think that's so. All of these steps before termination in the CBA serve a notice function. Yes, it doesn't use the magic words, you have to give somebody notice. But a warning is notice. So an idea that anyone could believe that the CBA somehow bargained away the pre-termination notice requirements, assuming that that even would be legal under the Due Process Clause, isn't reasonable. No one could reasonably look at all of the different steps and say, I don't have to give anyone notice. So at the end of the day, there's nothing reasonable about the town's decision to simply disregard the CBA and fire him. And I think it's in fact worth looking at the record, and this is A-873, the last email by Mr. Swain, where he says, I will not be terminating Troy Swain, and goes on to say that he will act in accordance with the disciplinary procedure as outlined in the collective bargaining agreement with the town of Wappinger. Now, when the board received that email, the only reasonable option would be to go to their attorney, David Wise, and say, what does this mean? What do we do with the collective bargaining agreement? They didn't do that. They didn't fully apprise their attorney of the facts. Instead, they asked a very narrow question, which is, do we have to give them a hearing beforehand? And the answer is no. They didn't ask him, well, what do we need to do? And if you look at the district court's opinion, the district court drilled down on that exact issue and found, yes, they never asked about whether or not there was notice. And because they didn't ask that specific question or follow up regarding the collective bargaining agreement or the objections by Mr. Bettina, that there's an issue of fact as to whether or not his termination or ignoring the CBA and terminating him immediately was reasonable. And it wasn't, and there's an issue of fact for trial. The retaliation question, I believe, is even less complicated. Retaliation is always proven through circumstantial evidence because intent is almost always proven through circumstantial evidence. It is very rare in a criminal case, in a civil case, that somebody openly admits, I did this intentionally, this wrong action intentionally. And so the district court evaluated the various pieces of circumstantial evidence, including the fact that he was terminated very shortly, only two months after he started lodging official complaints, the fact that they took away his truck, the fact that they ignored the collective bargaining agreement. It appears from the record that they're actually trying to force Mr. Bettina to do the termination, which suggests that they understood that this was going to be an issue. And they ignored the fact that he had a good work record. And if a jury hears all of this, they could infer that there was intent. That is a classic issue of fact and one that this court shouldn't be reviewing on an interlocutory appeal. I think it's also worth noting that, in fact, Attorney Wise warned them, warned the board that this is going to look like retaliation. And they went ahead with it anyway. Now, and not only did they go ahead with it, but in fact, they skipped over the various steps in the collective bargaining agreement that would have procedurally protected them from these kinds of accusations. So the board knew that this was coming, and they went forward with it anyway. So in sum, the district court was correct on these two issues. Do you have one more minute? Thank you. There are issues of fact here. And therefore, it was improper for the defense to ask this court to comb through 2,000 pages that the district court had already thoroughly analyzed rather than letting Mr. Swain have his trial. And by the way, this case is going to trial either way. And the evidence will be the same because there are claims that aren't the subject of this appeal. Some part of this case goes forward anyway. And if they wanted to go through the record and make these arguments, they could do so post-trial and post the trial that, in fact, they'd already have. Thank you. Thank you very much. Any questions by the panel? Judge Newman? No, I don't. Thank you. Judge Hall? I have no questions. Thank you. And I have none. So we will hear from counsel, opposing counsel who has reserved perhaps a minute. Is that right? How much time has been reserved? I asked for two minutes, Your Honor. That's fine. Let's proceed. Well, just a couple of points. In regard to the due process claim, the question isn't whether the plaintiff had a right to pre-trial notice, pre-trial, pre-termination notice and a pre-trial termination, a pre-termination hearing. The question whether defendants could have objectively reason to believe that he didn't. The terms of the CBA and the opinion rendered by counsel provide that reasonable, objective basis. It may well be the case, as the district court found, that he is entitled to pre-termination notice and pre-termination hearing. But that's not the issue on the qualified immunity claim. Question is whether the board could have reasonably believed that he didn't. And we submit that the fact clearly shows that they could have done so. The claim that the provision in the CBA providing for a warning somehow provided notice simply doesn't hold up to scrutiny. Warning is not a notice provision as set out in the collective bargaining agreement. It is a level of discipline. As we laid out in our reply brief, if you give someone a warning because they were tardy in November, it is not notice that they're going to receive a written reprimand in December because they're tardy again. It simply isn't a notice and hearing provision. It's a level of discipline. It's misreading that the district court made of the contract and appellee's counsel is urging that this court do the same on appeal. In regard to the claim that the... You have one more minute. It's supported by circumstantial evidence. We would suggest that, as we had explained in our brief and in our argument now, the irrelevant. For example, how would his good work record be circumstantial evidence that the termination for theft of time was pretextual? The two issues are completely unrelated. In regard to jurisdiction, this court's decision in DeSisto v. Cook makes it very clear that you can maintain an appeal, an interlocutory appeal, in the event that you're contesting the existence of a triable issue of fact as qualified immunity where the material issues of fact, the materiality, excuse me, issues of fact identified by the district court. That's relevant and unsubstantiated facts. That's exactly what we're arguing here. To us, it's very clear that this court has jurisdiction to hear and decide this appeal. Thank you very much. The matter is submitted for decision, and we thank counsel for a well-argued case.